# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 10 C 1247 |
| | ) |
| RODNEY T. WILSON. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Rodney T. Wilson's (Wilson) *pro se* motion, brought pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), to alter, amend, or vacate the judgment. For the reasons stated below, the court denies the motion to alter, amend or vacate the judgment.

## BACKGROUND

On May 15, 2007, a jury convicted Wilson on Count One of the indictment in criminal case number 06 CR 509 (Indictment), which charged Wilson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 22, 2007, the court in the criminal action sentenced Wilson to 95 months imprisonment. Wilson appealed his sentence and on January 5, 2009, the judgment of the district court was affirmed by the Seventh Circuit. On February 24, 2010, Wilson filed a motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255

1

(Section 2255 Motion). On January 7, 2011, the instant action was reassigned to the undersigned judge. On February 1, 2011, this court denied the Section 2255 Motion. Wilson now requests that the court reconsider its denial of the Section 2255 Motion.

**LEGAL STANDARD**

Rule 59(e) permits parties to file, within 28 days of the entry of a judgment, a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

**DISCUSSION**

I.  Dismissal of Indictment Based on Whitehead Affidavit

In denying the Section 2255 Motion, this court concluded that Wilson did not

show that his trial counsel was ineffective for failing to seek the dismissal of the Indictment after allegedly receiving an affidavit (Whitehead Affidavit) from defense witness Terrance Whitehead (Whitehead). Wilson asserts in his instant motion that this court incorrectly stated his argument in its ruling and "primarily focused on a claim not raised by" Wilson. (Recon 2). Wilson states in the instant motion that he argued in his Section 2255 Motion that his counsel was ineffective for not attempting to get the Whitehead Affidavit admitted into evidence, which would have supported his defense at trial. However, Wilson's contentions in his instant motion are not supported by the record. Wilson argued in his Section 2255 Motion as Ground One that his counsel was ineffective. In explaining why his counsel was ineffective, Wilson stated that his trial counsel and Wilson "discussed how to proceed with the affidavit numerous times." (Mot. 4). Wilson stated that he "asked [his counsel] isn't there some type of motion you can file to have a hearing where Whitehead could tell this to the Judge and get [his] case dismissed [?]" (Mot. 4). Wilson then indicated in his Section 2255 Motion that his trial counsel was ineffective for telling Wilson that there was no such motion and for failing to seek to get the case dismissed. (Mot. 4). Wilson did not argue in his Section 2255 Motion, as he now asserts, that his counsel was ineffective because "the Whitehead Affidavit could have been used as some form of exculpatory evidence, thus, supporting his defence [sic.]" (Recon 2).

    Wilson also argues that the court did not consider his arguments regarding the Whitehead Affidavit included in his two reply briefs that indicated his counsel should have sought to have the Whitehead Affidavit admitted into evidence.

However, a reply brief allows a movant to respond to arguments that are made by the other party in a response brief. A reply brief does not provide a movant the opportunity to shift his positions and make new arguments. *See Casna v. City of Loves Park*, 574 F.3d 420, 427 n.1 (7th Cir. 2009) (explaining that "[t]he non-moving party should always have a chance to respond to the movant's arguments" and that including an argument for the first time in a reply brief deprives the non-movant "of that opportunity"). Thus, to the extent that Wilson presented new arguments in his reply briefs regarding the Whitehead Affidavit and its admission into evidence, they were improper arguments for his reply briefs.

Despite the fact that Wilson presented new arguments in his reply briefs, the court considered the arguments included in his reply briefs, and liberally construed all of Wilson's filings in this case. The court concluded that Wilson did not show that his counsel was ineffective for failing to seek to admit the Whitehead Affidavit into evidence. The record indicates that at Wilson's trial, Whitehead testified on cross-examination that he sent an affidavit to Wilson's mother and that the affidavit was supposed to have been forwarded to Wilson's trial counsel. Wilson also contended in his Section 2255 Motion that his trial counsel possessed the Whitehead Affidavit in November 2006, before Wilson's trial. However, as indicated in this court's prior ruling, Wilson's counsel denied at the trial that he ever received the Whitehead Affidavit and Wilson's counsel and Wilson himself both signed a stipulation (Stipulation), which was admitted at Wilson's trial, agreeing that Wilson's counsel never received any correspondence or affidavit from Whitehead.

Thus, the record reflects that Wilson's trial counsel did not possess the Whitehead Affidavit at Wilson's trial, and thus could not have moved to admit it into evidence.

Even if Wilson could show that his counsel possessed the Whitehead Affidavit prior to Wilson's trial, Wilson has not shown that the Whitehead Affidavit would have been admitted into evidence or, if admitted, would have materially altered the outcome in his case. In fact, the admission of the Whitehead Affidavit may have had an overall negative impact on Wilson's defense since, as the Government pointed out, there were several inconsistencies between the information in the Whitehead Affidavit and Whitehead's testimony at trial. Thus, Wilson has not shown that the court erred in concluding that Wilson had not shown that his trial counsel was ineffective for failing to move to dismiss the Indictment based on the Whitehead Affidavit or for failing to seek the admission of Whitehead Affidavit into evidence.

II. Impeachment of Whitehead

Wilson argued in his Section 2255 motion that his trial counsel's denial of ever receiving the Whitehead Affidavit and his trial counsel's signing of the Stipulation attesting to the same was an improper impeachment of Whitehead. In denying the Section 2255 Motion, the court concluded that Wilson had not shown that his trial counsel improperly impeached Whitehead. Wilson argues that the court erred in not finding his counsel ineffective because his trial counsel improperly impeached the defense's star witness and the jury gave less credence to Whitehead's testimony based on such impeachment. However, as indicated in our prior ruling,

there is no indication that the Stipulation had a significant impeachment value in regard to Whitehead's testimony. Whitehead testified that he gave the Whitehead Affidavit to Wilson's mother and that it was intended to be forwarded to Wilson's counsel. The Stipulation does not show Whitehead's statement to be false. The fact that Wilson's counsel may not have received the affidavit merely indicates that Wilson's mother did not forward the Whitehead Affidavit to Wilson's counsel. Wilson argues that the Stipulation was "tantamount to impeaching Whitehead before the jury," (Recon. 3), but Wilson has not shown that to be true. Thus, Wilson has not shown that the court erred in concluding that Wilson had failed to show that his counsel was ineffective based on Wilson's contention that his trial counsel improperly impeached Whitehead.

III. Investigation of Statement Allegedly Made to ASA

In denying the Section 2255 Motion, the court concluded that Wilson had not shown that his trial counsel was ineffective for failing to contact or interview a certain Cook County Assistant State's Attorney (ASA). Wilson contended that certain officers testified at his trial that Wilson made certain statements and that the ASA would have indicated that the officers were not accurately repeating what Wilson had said. This court noted in its prior ruling that Wilson's motion was deficient, since he made general references to conflicts in his Section 2255 Motion. Wilson argues that he included certain facts in his reply briefs that specified the conflict that he was referring to in his Section 2255 Motion. To the extent that

6

Wilson presented facts in his reply briefs indicating that the ASA would have contradicted the officers' testimony, this court explained in its prior ruling that the decision of what investigation is prudent in a case is generally left to the discretion of trial counsel. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003)(explaining that deference is accorded to attorneys regarding decisions concerning investigations). Wilson did not show that his counsel's decision not to contact the ASA was beyond the scope of effective assistance of counsel or that the information and perhaps testimony by the ASA would have had any material impact in the case. In fact, Wilson's contention as to what the ASA would have recalled is based merely on Wilson's speculation. If Wilson's trial counsel had questioned the ASA, the ASA may have actually confirmed the officers' version of events. Thus, Wilson has not shown that the court erred in concluding that Wilson had not shown that his trial counsel was ineffective for failing to contact or interview the ASA.

IV. Police Radio Transmissions

In denying the Section 2255 Motion, the court concluded that Wilson had not shown that his trial counsel was ineffective for failing to attempt to obtain the arresting officers' radio transmissions (Transmissions) made at the time of Wilson's arrest. Wilson argued in his Section 2255 Motion that the Transmissions showed that the arresting officers were aware of Wilson's criminal history, gang affiliation, and recent release from prison. Wilson contended that his counsel could have used the Transmissions to impeach one of the arresting officers when he testified at trial

7

that, at the time of the arrest, he did not have knowledge about Wilson's criminal history, gang affiliation, and recent release from prison. This court noted in its prior ruling that the record indicated that Wilson's counsel properly filed a motion in limine and made objections at trial, seeking to bar any reference to Wilson's gang affiliation and recent release from prison to avoid the prejudicial effect of such information. Wilson argues in the instant motion that it is "of no consequence" that the Government pointed out that his trial counsel filed such motions in limine. (Recon. 5). Wilson contends that he referenced in his reply briefs how his counsel could have used the Transmissions. Wilson asserted in one of his replies that the Transmissions would have contradicted the arresting officers' testimony that "they had no prior knowledge of [Wilson's] background." (Reply1 8). The court considered the arguments made in Wilson's reply briefs and the court indicated in its prior ruling that the decision by Wilson's counsel not to impeach the arresting officers with the Transmissions was well within the scope of sound trial strategy. *See McAfee v. Thurmer*, 589 F.3d 353, 356 (7th Cir. 2009)(stating that "[s]trategic choices are 'virtually unchallengeable'")(quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). This court also stated, in denying the Section 2255 Motion,

that it was a reasonable trial strategy to avoid references to matters such as gang affiliation and it was reasonable for Wilson's counsel to conclude that the prejudicial effect to Wilson by the introduction of such information would far outweigh the impeachment value of the Transmissions. Wilson did not point to any impeachment

8

value or other evidentiary value of the Transmissions that would have outweighed the potential prejudice to his defense. Thus, Wilson has not shown that the court erred in concluding that Wilson had not shown that his trial counsel was ineffective for failing to attempt to obtain the Transmissions.

V. Impeachment of Coleman

In denying the Section 2255 Motion, the court concluded that Wilson had not shown that his trial counsel was ineffective for failing to properly cross-examine the Government's witness, Shirley Coleman (Coleman), regarding whether she was coerced into cooperating with the Government. Wilson contends that his trial counsel was ineffective because a proper cross-examination of Coleman would have shown that she was testifying under duress. As the court stated in our prior ruling, it was well within the sound discretion of Wilson's trial counsel to decide not to alienate the jury by attacking Coleman on the stand with questions indicating that Coleman was lying on the stand. Wilson has not shown that his trial counsel's questioning of Coleman was beyond the scope of effective assistance of counsel. Thus, Wilson has not shown that the court erred in concluding that Wilson had not shown that his trial counsel was ineffective in his cross-examination of Coleman.

VI. Coleman Affidavit

In denying the Section 2255 Motion, the court concluded that Wilson had not shown that his appellate counsel was ineffective for failing to present to the appellate

court an affidavit purportedly executed by Coleman (Coleman Affidavit), in which she claims that she testified under duress at trial. As this court indicated in its prior ruling, the record before the appellate court already included statements by Coleman claiming that she was forced to testify because she received a subpoena. In addition, the Coleman Affidavit was allegedly executed after Wilson's trial. It was not a part of the record before the district court. Wilson now argues that his appellate counsel could have presented the Coleman Affidavit as a basis for a new trial. Wilson never raised this argument in his Section 2255 Motion, and even if he had, as explained above, the record in this case indicates that the trial record already included testimony by Coleman indicating that she was forced to testify. For example, the record indicates that Coleman stated that she did not want to testify and was only doing so because she had been subpoenaed. To the extent that Wilson claims that the Coleman Affidavit includes facts indicating that Coleman testified under duress, Wilson has not shown that the appellate court would have considered it or that it would have been sufficient to alter the outcome of the appeal or warrant a new trial. Thus, Wilson has not shown that the court erred in concluding that Wilson had not shown that his appellate counsel was ineffective for failing to present the Coleman Affidavit to the appellate court or by failing to seek a new trial based on the Coleman Affidavit.

## CONCLUSION

Based on the foregoing analysis, the court denies the motion to alter, amend or vacate the judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 17, 2011